UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PRISCILLA DIAS, an individual,

        Plaintiff,

CASE NO.:

vs.

LYFT, INC., a Foreign Profit Corporation,
d/b/a LYFT FLORIDA, INC., a Foreign
Profit Corporation,

        Defendant.
_____/

**DEFENDANT LYFT, INC.'S
COMPANY'S NOTICE OF REMOVAL**

Defendant, Lyft, Inc. ("Lyft"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. As grounds for this removal, Lyft states:

**I.**      **The Lawsuit**

1. On or about August 28, 2020, Plaintiff commenced this action by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, captioned *Priscilla Dias, an individual v. Lyft, Inc. a Foreign Profit Corporation, d/b/a Lyft Florida, Inc., a Foreign Profit Corporation*, Case No. 2010-018217-CA-01. See Docket Sheet, attached as **Exhibit A.**

2. Plaintiff's claims arise from an alleged kidnapping and sexual assault by a driver with whom Plaintiff connected on the Lyft application. *See Plaintiff's Complaint*, at ¶¶ 20, 110-111. Her driver, she alleges, drove her "across county lines from Naples, Collier County, Florida, to Fort Myers, Lee County, Florida" where the alleged assault took place. *Id*.

3. Plaintiff alleges that the alleged kidnapping and assault had a "devastating effect" on her and further, that the "trauma of the kidnapping and rape caused and continues to cause . . . pain and suffering, and has had a catastrophic impact on her life and well-being." *Id*. at ¶ 24.

4. Plaintiff generally asserts that Lyft "is legally responsible for the harm to Plaintiff under a number of legal theories including vicarious liability for the intentional acts of its employees (battery and rape), basic negligence for failing to act with reasonable care when faced with multiple and ongoing attacks by its drivers, breach of the non-delegable duty of a transportation company to provide safe passage to its passengers, punitive damages for the conscious disregard of the safety of its female passengers, intentional and negligent misrepresentations and breaches of contract, and express and implied covenants arising out of its commercial contracts with its passengers, including Plaintiff." *Id*. at ¶ 118.

5. The Complaint attempts to state ten separate causes of action against Lyft, including: General Negligence (Count One); Negligent Hiring, Supervision, and Retention (Count Two); Common Carrier Negligence (Count Three); Negligent Failure to Warn (Count Four); Vicarious Liability/Liability for the Torts of Lyft's Drivers (Count Five); Vicarious Liability for Sexual Assault and Sexual Battery (Count Six); Intentional Misrepresentation (Count Seven); Negligent Misrepresentation (Count Seven)[1]; Negligent Infliction of Emotional Distress (Count Eight) and Breach of Contract (Count Nine). *Id*. at ¶¶ 119-285.

6. The Complaint also includes a Motion for Leave to Assert a Claim for Punitive Damages. *Id*. at ¶¶ 286-294.

7. The Prayer for Relief seeks several categories of damages, including non-economic damages such as past and future pain and suffering; economic damages such as past

---

[1] Inadvertently labeled as the "Seventh Cause of Action."

and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity . . ." *Id*. at ¶¶ 1-2.  As noted, Plaintiff also seeks punitive damages.

8. On July 22, 2020, Plaintiff made a pre-suit demand to Lyft seeking well in excess of $75,000.  For confidentiality reasons, Lyft has not attached the pre-suit demand letter to this notice but will, if desired, submit the demand letter for the Court's review *in camera* or as otherwise requested by the Court.

9. Plaintiff served the Complaint upon Lyft on September 1, 2020.  *See* **Exhibit B**.

10. As set forth below, 28 U.S.C. § 1441 permits removal to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs.

## II.   Complete Diversity of Citizenship Exists Between the Parties

11. Plaintiff was and is a resident of Colorado.  *See* Complaint, at ¶ 2.  Therefore, pursuant to the allegations set forth in Plaintiff's Complaint, Plaintiff is not a citizen or lawful permanent resident of the States of Florida, California or Delaware.

12. At all times material to the instant lawsuit, Lyft was incorporated in the State of Delaware with its principal place of business at 185 Berry Street, Suite 5000, San Francisco, CA 94107.  Lyft, therefore, is a corporation existing under the laws of the States of California and Delaware and is a "citizen" of only those two states.  *See also* Complaint, at ¶ 3.

13. Thus, there exists complete diversity of citizenship between the parties pursuant to 28 U.S.C. Section 1332(a)(1).

### III.     The Amount In Controversy Exceeds $75,000

14.     The Complaint alleges that Plaintiff's claim is "for damages in an amount greater than $30,000.00" and does not contain a demand for a specific amount. Complaint, ¶ 1. Where a complaint does not plead a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  In such an instance, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  *Id.* at 1319.

15.     While Plaintiff does not specify the amount of damages she seeks, the Complaint alleges that the "trauma of the kidnapping and rape caused and continues to cause . . . pain and suffering, and has had a catastrophic impact on her life and well-being." *Id.* at ¶ 24.

16.     Plaintiff seeks compensation for past and future pain and suffering, past and future hospital, medical and professional expenses along with past and future loss of earnings, loss of opportunity, and loss of earning capacity.  *Id.* at ¶¶ 1-2.  Plaintiff's Complaint also includes a Motion to Amend the Complaint to seek punitive damages.

17.     In determining whether a claim meets the amount-in-controversy requirement, a District Court may apply its judicial experience and common sense.  *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1064 (11th Cir. 2010).

18.     Here, based on Plaintiff's allegations that the alleged kidnapping and rape has had a "catastrophic impact on her life" and the various categories of damages she seeks (potentially including punitive damages), the Court can find that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See, e.g., Wilssens v. Medtronic, Inc.*, No. 09-60792-CIV-GOLD/McALILEY, 2009 U.S. Dist. LEXIS 132926, at *30 (S.D. Fla. July 23, 2009)

(concluding that where plaintiff claimed, *inter alia*, physical injury to his heart, pain and suffering, loss of capacity for the enjoyment of life, medical expenses, and loss of ability to earn money and also sought punitive damages, "it [was] facially apparent that these damages allegations meet Defendant Medtronic's burden to show that the amount in controversy is greater than $75,000"); *Carrington v. Bausch & Lomb, Inc.*, No. 1:07-CV-128-TCB, 2007 U.S. Dist. LEXIS 105554, at *3 (N.D. Ga. Mar. 8, 2007) (holding that where Plaintiff's complaint was "silent with regard to the amount damages" but sought "a variety of damages for a plethora of injuries," it was "facially apparent from Plaintiffs' complaint that the amount in controversy exceeds $75,000").

19. Even assuming, *arguendo*, that the Court, does not find that the Complaint itself satisfies Lyft's burden, the Court may consider evidence other than the Complaint. Indeed, a defendant seeking removal may submit affidavits, declarations or other evidence to satisfy its burden of showing a jurisdictional basis for removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

20. In particular, "[t]he Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1254-55 (S.D. Fla. 2015).

21. Here, Plaintiff delivered a detailed pre-suit demand letter to Lyft seeking payment well in excess of $75,000.

22. In the demand letter, Plaintiff's counsel specifically represented that Plaintiff's demand is "fair and reasonable" and "is line with the jury verdicts and settlements for rape cases, without taking account of punitive damages."

23. Thus, there is no doubt that Plaintiff contends her claims exceed $75,000.

24. Courts in this District and Circuit have found that similar demands for amounts well in excess of the statutory threshold satisfy the amount in controversy. *See, e.g., Gillinov*, 92 F. Supp. 3d at 1255 (S.D. Fla. 2015) (holding that the defendant established the amount in controversy exceeded $75,000 based on a detailed pre-suit demand letter outlining damages of approximately $124,000 and a statement by Plaintiff's counsel that the value of the case exceeds $75,000); *Wilssens*, No. 09-60792-CIV-GOLD/McALILEY, 2009 U.S. Dist. LEXIS 132926, at *30 (holding that a demand letter from plaintiff's counsel demanding damages of $ 1 million was sufficient to meet Medtronic's burden of demonstrating the amount in controversy); *Carrington*, No. 1:07-CV-128-TCB, 2007 U.S. Dist. LEXIS 105554, at *8 (holding that "the $4.25 million settlement offer, along with the severity of the alleged injuries and the various types of damages that Plaintiffs seek in their complaint, are more than sufficient to show that the amount in controversy more likely than not exceeds $75,000").

25. Based on the demand letter and the representations of Plaintiff's counsel therein, Lyft has established that Plaintiff's claims exceed the amount-in-controversy threshold of $75,000 for removal.

**IV.    Lyft Has Complied With The Procedural Requirements For Removal**

26. Lyft attaches as **Exhibit C**, all process, pleadings, and orders served on it in this action. 28 U.S.C. § 1446(a). Additionally, Exhibit C constitutes a record of all those papers on file with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Lyft has no knowledge of any other pleadings, orders or papers served in this action other than Exhibits attached hereto.

27. Venue properly rests in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. Section 1441(a) and Local Rule 3.1, since this action is being

removed from the state court wherein it was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

28. Lyft will file with the Clerk of the Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d), and will give written notice thereof to all adverse parties. A copy of this Notice is attached as **Exhibit D**.

29. Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal has been timely filed and without waiver by Lyft. This Notice of Removal is filed within thirty (30) days after the Complaint was served on Lyft on September 1, 2020.

WHEREFORE, Defendant, Lyft, Inc., removes this action to the United States District Court for the Southern District of Florida.

Dated: October 1, 2020

Respectfully submitted,

*/s/ Scott M. Sarason*
Scott M. Sarason, Esquire
Michael R. Holt, Esquire
Brittney D. Savino, Esquire

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on October 1, 2020 on counsel or parties of record on the Service List below.

*s/ Scott M. Sarason*
SCOTT M. SARASON
Florida Bar No.: 0394718
E-mail: ssarason@rumberger.com (primary)
docketingmiami@rumberger.com and
ssarasonsecy@rumberger.com (secondary)
MICHAEL R. HOLT
Florida Bar No.: 0483450
E-mail: mholt@rumberger.com (primary)
docketingmiami@rumberger.com and
mholtsecy@rumberger.com (secondary)
BRITTNEY D. SAVINO
Florida Bar No.: 118898
E-mail: bsavino@rumberger.com (primary)
docketingmiami@rumberger.com and
bsavinosecy@rumberger.com (secondary)
RUMBERGER, KIRK, & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel: 305.358.5577
Fax: 305.371.7580

*Attorneys for Defendant*

## SERVICE LIST

Christopher W. Wadsworth, Esq.
Jamie Clark Dixon, Esq.
WADSWORTH, MARGREY & DIXON LLP
The Jane Building
261 N.E. 1st Street, 5th Floor
Miami Florida 33132
305.777.1000 Telephone
305.777.1001 Facsimile
cw@wmd-law.org
pleadings@wmd-law.org
jcd@wmd-law.org
beauu@wmd-law.org
 **(Counsel for Plaintiff)**

14098878.v1